ROSA WACHTEL, AS ADMINISTRATRIX, &c., OF DAVID WACHTEL, DECEASED, RESPONDENT, *against* THE NOAH WIDOWS' AND ORPHANS' BENEVOLENT ASSOCIATION, Appellant.

(Decided November 10th, 1880.)

By its constitution a benevolent association undertook to pay, on the death of a member, to his personal representatives, certain sums as benefits. One of its by-laws required notice in writing to be given to every member six months in arrears for dues, that he would be stricken from the list unless he should pay his dues; and another provided that a member not notifying the association of a change of his residence should incur a fine. A member being more than six months in arrears for dues, the messenger of the association went, for the purpose of serving the prescribed notice, to the place notified by such member to the association as his residence, but found that he had removed, and the notice was not served. *Held,* that there was no sufficient foundation for proceedings to expel such member, and thereby deprive his administratrix of the benefits provided upon his death, although he had given no notice of his change of residence.

APPEAL from a judgment of this court entered on findings by the judge upon a trial without a jury.

The action was brought to recover from a benevolent association the amount of benefits claimed to be due to the plaintiff, as administratrix of a deceased member of the association, upon the death of her intestate. The defense was that the deceased

was not a member of the association at the time of his death, but had been expelled for non-payment of dues.

The by-laws of the association provided that " The financial secretary shall notify, in writing, every member who is six months in arrears, and call his attention to the fact that he will be stricken from the list of members, unless he pays, within thirty days, all dues owing by him to the society. Should he fail to comply with this demand, he shall, regardless of any consideration, be stricken from the roll of members." Another provision was that " Should a member not notify the financial secretary of the change of his residence within fourteen days thereafter, he shall incur a fine of twenty-five cents."

The deceased, at the time he became a member of the association, had notified it that his residence was at No. 41 First street, in the city of New York. He afterwards removed from that place, and did not notify the association of his change of residence. Subsequently, he being more than six months in arrears for dues, a notice to him in writing, pursuant to the above provision of the by-laws, was delivered to the messenger of the association to be served. The messenger called at No. 41 First street, and was informed by inmates of that house that deceased had moved away without leaving information with any one there whither he had removed; and the messenger, after inquiry, failed to ascertain whither he had removed. Without any other attempt to give notice to him, the financial secretary reported to the society that he was in arrears, and had not complied with the notice to make payment, and he was thereupon stricken from the list of members.

At the trial, a jury having been waived by consent of both parties, the judge found for the plaintiff, and judgment for plaintiff was entered upon the findings. From the judgment the defendant appealed.

*A. J. Dittenhoefer*, for appellant.—Due diligence in trying to make the service of the notice is shown ; and it being impossible to make such service because of deceased's own act, such non-service does not invalidate the expulsion (Story on Bills, 344, § 299 ; Id. 339, § 297 ; *Summers* v. *Belt*, 35 Mo. 461 ; 1

Parsons on Bills, 329, n.; 3 Kent Comm. 153; *Hunt* v. *Maybee*, 7 N. Y. 266; *Bate* v. *Joseph*, 2 Camp. 462; *Rhett* v. *Poe*, 2 How. [U. S.] 457; *Dickins* v. *Beal*, 10 Pet. 246; *Williams* v. *Bank of the United States*, 2 Pet. 96; *Van Vechten* v. *Pruyn*, 13 N. Y. 549).

*Ferdinand Kurzman*, for respondent.—The deceased was not duly and regularly expelled. Expulsion effected a forfeiture or denial of all rights and interests in the lodge. No man can, under the law of the land, be expelled, or suffer any penalty or punishment, or have his vested rights taken away from him, without notice, and a statement of the charges he is to answer, and a day to be heard. The law of the defendant prescribed the form and mode of service of that notice, and it was not given. And if the defendant had prescribed no law or rule on the subject, the law of the land would have supplied one.

As regards the passage of the amendments to the by-laws, the defendant must show affirmatively and in detail that all its proceedings were regular and legal (*Green* v. *African M. E. Soc.*, 1 Serg. & R. 254; *Rex* v. *Mayor of Liverpool*, 2 Burr. 732; *Baggs' Case*, 11 Coke, 99). There is no presumption that the absent members of a corporate body know what is done at a stated meeting so as to charge them with notice with anything there transacted contemplating future action at a time other than that of a stated meeting, and notice should be given (*People* v. *Batchelor*, 22 N. Y. 128). If the charter requires a special notice it cannot be dispensed with; even by consent (*Rex* v. *Theodorick*, 8 East, 543).

As regards expulsion, a member cannot be expelled *for any cause*, unless duly notified to appear and given an opportunity to be heard (Angell & Ames on Corp. § 420, and cases cited; *Southern Pl. R. Co.* v. *Hixon*, 5 Ind. 165; *Commonwealth* v. *St. Pat. Ben. Soc.*, 2 Binn. 448; *State* v. *Adams*, 44 Mo. 570; *People* v. *San Franciscus Ben. Soc.*, 24 Howard, 216; *People* v. *Medical Soc.*, 32 N. Y. 187; *People* v. *Sailor's Snug Harbor*, 5 Abb. N. S. 119; *People* v. *New York Ben. Soc.*, 3 Hun, 361). It is a case of property, of legal rights, and if

Matter of Gilbert.

there had been a by-law that any member might be expelled by a vote of the society, in his absence, and without notice, such by-law would have been illegal (*People* v. *San Franciscus Ben. Soc.*, 24 How. Pr. 219). It is essential in every case that charges be made, a trial had, and that the accused be notified and have a full opportunity for defense (*State* v. *Adams*, 44 Mo. 570, 585; see also observations by Chief Justice Denman in *Innes* v. *Wylie*, 1 Carr. & K. 257, 264; and of Judge Brady in *People* v. *New York Cotton Exch.*, 8 Hun, 216, 220; as to necessity of trial and conviction before expulsion, see *Leech* v. *Harris*, 2 Brewster [Pa.] 571; Field Corp. § 65; Angell & Ames Corp. § 420, &c.).

PER CURIAM.—The by-laws of the association provided that a member who was six months in arrears in his payments should be entitled to written notice calling his attention to the fact that he would be stricken from the rolls in case he did not within thirty days thereafter pay his dues. No such notice was served upon the deceased. Calling at his place of residence and learning that he had removed therefrom was not a sufficient foundation upon which to base the proceedings for expulsion. Notwithstanding these proceedings, he continued a member, never having been lawfully expelled, and, upon his death, his widow became entitled to the benefits.

Judgment affirmed.*

---

* The judgment entered upon this decision was affirmed by the court of appeals February 1st, 1881 (see 84 N. Y. 28).